IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-HC-2087-FL

| | | |
|---|---|---|
| TIMOTHY MIMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for initial review of the petition pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that the petitioner is not entitled to relief. Also before the court is petitioner's motion to dismiss his pending criminal indictment and civil commitment proceedings.

Petitioner is civilly committed pursuant to 18 U.S.C. § 4246 based on the commitment court's finding that his release from federal custody would create a substantial risk of bodily injury to another person or serious damage to property of another. See Minute Entry, United States v. Mims, No. 5:22-HC-2087-M (E.D.N.C. Oct. 13, 2022). In the instant § 2241 petition, petitioner argues that the government committed various errors of law during the § 4246 commitment proceedings. Petitioner also asserts a speedy trial violation in connection with his underlying criminal case.

As to the claims challenging his civil commitment, petitioner must assert them in the pending civil commitment proceeding and exhaust all remedies in that proceeding (including appeals) before seeking habeas corpus relief under § 2241. See Timms v. Johns, 627 F.3d 525, 530–33 (4th Cir. 2010) (holding that civil detainee must "exhaust his alternative remedies" in the commitment proceeding, including any appeals, before seeking habeas corpus relief under § 2241). Where the commitment proceeding provides petitioner an alternative remedy for asserting these claims, Timms dictates that the court refrain from exercising jurisdiction over the instant petition. Id. at 533.

As to the claimed speedy trial violations, petitioner was found incompetent to proceed in the criminal case and the case has been closed. United States v. Sims, No. 1:17-CR-2773-JAP (D.N.M. Oct. 29, 2020 & Jan. 2, 2021). In these circumstances, the court cannot order effective relief for alleged speedy trial violations, and this claim must be dismissed as moot. See SAS Inst., Inc. v. World Programming Ltd., 874 F.3d 370, 389 (4th Cir. 2017).

Accordingly, the petition is DISMISSED without prejudice. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of November, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

Case 5:22-hc-02087-FL   Document 11   Filed 11/28/22   Page 2 of 2